IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARL FONTENOT,<br><br>    Plaintiff,<br><br>v.<br><br>the CITY OF ADA; Ada Police Department Detectives MIKE BASKIN; John Roe, Administrator of the Estate of DENNIS SMITH; Jack Doe, Administrator of the Estate of DANNY BARRETT, in their individual capacities; ADA CHIEF JAMES FOX, in his individual and official capacities; Oklahoma State Bureau of Investigation Agents GARY ROGERS; RUSTY FEATHERSTONE; JACKIE ROBERTS; and Joe Roe, Administrator of the Estate of B.G. JONES, in their individual capacities; Pontotoc County Sheriff Deputy TOM TURNER, in his individual capacity; Pontotoc County District Attorney Investigator GEORGE BOND, in his individual capacity; and Pontotoc County District Attorney WILLIAM PETERSON, in his individual capacity; PONTOTOC COUNTY; and the STATE OF OKLAHOMA,<br><br>    Defendants. | Civil Action No. 21-cv-249-RAW<br><br><br><br>**UNOPPOSED MOTION TO STAY ALL SUBSTANTIVE DUE DATES UNTIL PLAINTIFF'S CRIMINAL PROCEEDINGS ARE RESOLVED** |

Plaintiff Karl Fontenot spent over 35 years imprisoned for a crime he did not commit: the

1984 kidnapping and murder of Denice Haraway. On August 21, 2019, the United States District

Court for the Eastern District of Oklahoma granted Plaintiff a writ of habeas corpus, ordering his

1

conviction vacated and his release if he was not retried within 120 days. In its 190-page opinion, the District Court found "solid proof of Mr. Fontenot's probable innocence" and "a clear pattern of police and prosecutorial misconduct that requires reversal of his conviction."

The State of Oklahoma appealed, and on July 13, 2021, the Tenth Circuit affirmed both the findings that Mr. Fontenot had presented evidence of his actual innocence and that suppression of exculpatory evidence had deprived him of a fair trial. The State then sought a rehearing and a petition for en banc consideration, which was denied on October 6, 2021. The State has now indicated it will file a petition for certiorari, currently due on January 4, 2022.

In this civil rights lawsuit, Plaintiff brings § 1983 wrongful conviction claims, and ancillary state law claims against the law enforcement officers who caused his wrongful conviction, including by hiding exculpatory evidence and fabricating false inculpatory evidence. Under *Heck v. Humphrey*, the accrual of § 1983 claims like Plaintiff's challenging the validity of a conviction is delayed until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 487 (1994). Because it is at least arguable that some of these claims accrued within two years of the first decision granting the writ of habeas corpus on August 21, 2019, Plaintiff timely filed his Complaint on August 19, 2021. However, other related claims (such as claims for malicious prosecution) would not accrue until the criminal proceedings fully and finally resolve in Plaintiff's favor, including both any appeals of the grant of the writ of habeas corpus and any subsequent re-prosecution.

Both the Supreme Court and the Tenth Circuit have provided guidance on how district courts should handle cases, like this one, where the Plaintiff is required to file a civil rights suit

2

before the related criminal proceedings are finally resolved: "The proper procedure, the Court explained, is for the plaintiff to timely file his civil case and, if any obstacles arise with having both cases running concurrently, the trial court can stay the civil proceedings until the conclusion of the criminal case." *Small v. Huddleston*, 511 F. App'x 765, 768 (10th Cir. 2013); *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). Courts within this Circuit have routinely followed that direction and stayed the § 1983 civil rights suit until the related criminal proceedings resolved. *See, e.g., Hodge v. Heatherly*, No. 13-CV-324-JED-FHM, 2013 WL 4097575, at *4 (N.D. Okla. Aug. 12, 2013) (staying a § 1983 case "pending resolution of the criminal charges filed against Plaintiff"); *Rankin v. Steidley*, No. 11-CV-204-GKF-PJC, 2011 WL 2182458, at *4 (N.D. Okla. June 3, 2011) (same); *Cline v. Kansas City, Kansas Police Dep't*, No. 20-3136-SAC, 2020 WL 7186147, at *1 (D. Kan. Dec. 7, 2020) (same).

Plaintiff has conferred with Defendants, who do not object to a stay of all substantive deadlines pending the outcome of the current criminal proceedings. In particular, this would stay any pending deadlines for Defendants to answer the Complaint or move to dismiss[1], for Plaintiff to respond to the motion to dismiss that has been filed[2], or for discovery.

---

[1] The deadline for Pontotoc County to respond to the Complaint is November 4, 2021 (Docket No. 32), and the deadline for the State of Oklahoma to respond to the Complaint is November 5, 2021 (Docket No. 16). Pursuant to the waivers of service of summons that Plaintiff sent, Defendants Rogers, Roberts, Fox and Featherstone must respond to the complaint by November 12, 2021; Defendant Baskin must respond to the complaint by November 15, 2021; and Defendant Peterson must respond to the Complaint by November 26, 2021.

[2] Although the City of Ada filed a motion to dismiss, Docket No. 33, the gravamen of that motion is the contention that the § 1983 suit should not be litigated until the criminal proceedings resolve. Plaintiff's response to the City of Ada's motion to dismiss is due on November 2, 2021. The Defendant City consents to Plaintiff's requested stay pending final resolution of the criminal proceedings.

Plaintiff is currently in the process of serving his Complaint on the 14 named Defendants. Six Defendants have been served[3] and have appeared in this case to date, and Plaintiff has sent waivers of service of summons to an additional 3 Defendants.[4] The current deadline for service is November 17, 2021. Service is complicated by the age of the case, as a number of the individual defendants are deceased; Plaintiff is in the process of attempting to locate personal representatives of the estates of 5 deceased Defendants[5] to effect service on them. To ensure that all Defendants may be properly and timely served, Plaintiff requests that any stay the Court enters not prevent completion of service, so that Defendants who have been served may enter appearances and any applications or disputes regarding service may be heard by the Court, if necessary. Plaintiff also may need to file an Amended Complaint solely to correct the names of certain parties (i.e., to identify by name the relevant personal representative of estates, or to substitute an estate for Defendants we have learned since filing are deceased).

In accordance with *Wallace*, Plaintiff hereby requests that the Court stay all deadlines in this action, with the exception of those related to serving the Complaint on those Defendants for whom Plaintiff has not yet effectuated service, pending resolution of the criminal proceedings.

DATED: October 26, 2021                                            Respectfully submitted,


                                                                   **/s/ Anna Benvenutti Hoffmann**
                                                                   Anna Benvenutti Hoffmann
                                                                   Nick Brustin

---

[3] Plaintiff has effectuated service on Defendants City of Ada, Pontotoc County, the State of Oklahoma, Rogers, Roberts, and Featherstone.
[4] Plaintiff has sent waivers of service of summons to Defendants Baskin, Fox and Peterson and is communicating with defense counsel to coordinate service of these three Defendants.
[5] To the best of Plaintiff's knowledge, Defendants Turner, Bond, Barrett, Smith and Jones are all deceased.

Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
NY Bar No. 4412011
NY Bar No. 2844405
anna@nsbcivilrights.com
nick@nsbcivilrights.com
T: 212-965-9081

Tiffany Murphy
790 N. Cliffside Dr.
Fayetteville, AR 72701
AR Bar No. 2015057
tiffanym@uark.edu
T: 479-575-3056

Doug Parr
228 Robert S. Kerr Avenue, Suite 715
Oklahoma City, OK 73102
OK Bar No. 6907
doug@parrlawoffice.com
T: 800-787-2415

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users of record.


Dated: October 26, 2021                                       **/s/ Anna Benvenutti Hoffmann**
                                                                                      Anna Benvenutti Hoffmann